**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-03052-CMA-MJW

JACOB DANIEL OAKLEY,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director, and
SUSAN JONES, Warden CCF/CSP,

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART FEBRUARY 23, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

In this case, Plaintiff Jacob Daniel Oakley, a state prisoner incarcerated in the Colorado Department of Corrections ("CDOC"), alleges that he has been deprived of outdoor recreation for the past seven to eight years in violation of the Eighth Amendment of the United States Constitution.

On February 23, 2012, United States Magistrate Judge Michael J. Watanabe issued a Recommendation (Doc. # 45) concerning three pending motions: (1) Plaintiff's Motion for Preliminary Injunctive Relief (Doc. # 21), (2) Defendants' Motion to Dismiss (Doc. # 24), and Plaintiff's Motion to Challenge the Constitutionality of the P.L.R.A.'s Exaustion [*sic*] Rule 7 Certificate of Intervention of U.S. (Doc. # 41.) The Magistrate Judge recommended that Defendants' Motion to Dismiss be granted in part and denied in part, that Plaintiff's Motion for Preliminary Injunctive Relief be granted to the extent that Defendants must provide Plaintiff with at least one hour of outdoor exercise each

week, and that Plaintiff's challenge to the constitutionality of the Prison Litigation Reform Act ("PLRA") be denied. (Doc. # 45 at 24.)

On March 5, 2012, Plaintiff, proceeding *pro se*,[1] filed timely objections to the portion of the Recommendation discussing Defendants' motion to dismiss. (Doc. # 46.) Three days later, on March 8, 2012, Defendants filed timely objections to the portion of the Recommendation in which the Magistrate Judge recommended granting injunctive relief.[2] (Doc. # 47.) On March 16, 2012, Plaintiff filed his "objection to the defendant's [*sic*] objection to my injunction" (Doc. # 48), which the Court construes as a response to Defendants' objections. Plaintiff also filed a supplement to his response on March 19, 2012. (Doc. # 49.)

For the reasons stated below, the Court affirms in part and rejects in part the February 23, 2012 Recommendation of the Magistrate Judge.

## I. **BACKGROUND**

Plaintiff initiated this action on December 15, 2010 by filing a Complaint. (Doc. # 1.) In Claim 1 of his Complaint, Plaintiff alleges that he has been deprived of outdoor

---

[1] Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[2] Neither party has objected to the Recommendation insofar as it recommended that Plaintiff's motion to challenge the constitutionality of the PLRA be denied. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has reviewed Plaintiff's motion to challenge the constitutionality of the PLRA (no response was filed), and the portion of the Recommendation concerning Plaintiff's motion. Based on this review, the Court agrees with the Magistrate Judge's recommendation on this motion and finds that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.

recreation for the last seven to eight years because of his placement in administrative segregation ("ad seg") in violation of the First, Eighth, and Fourteenth Amendments. (Doc. # 1.) Plaintiff claims that this deprivation has resulted in suicidal and other self-harming behaviors, and has caused him to go "violently insane." (*Id.* at 4.) In Claim 2 of his Complaint, Plaintiff asserts that he has been denied access to "full-fledged" exercise (*i.e.*, weight lifting equipment), also in violation of the First, Eighth, and Fourteenth Amendments. (*Id.* at 11.) Plaintiff also brings an equal protection claim predicated on his allegation that another ad seg inmate, "Reub," was permitted to receive outdoor recreation. Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.* at 20.)

On April 1, 2011, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to which Plaintiff responded on May 19, 2011. (Doc. ## 24, 36.) In his Recommendation, the Magistrate Judge recommended that Defendants' motion be granted in part and denied in part. Specifically, he recommended that the following claims be dismissed with prejudice: (1) any claims for damages against Defendants in their official capacities, (2) any claims concerning actions alleged to have occurred before December 12, 2008,[3] (3) Claim Two concerning denial of "full-fledged" exercise, (4) Plaintiff's claim for compensatory damages, and (5) Plaintiff's equal protection

---

[3] In the conclusion section of the Recommendation, the Magistrate Judge recommended dismissal of any claims concerning actions alleged to have occurred before December 10, 2008. However, in the body of his Recommendation, the Magistrate Judge noted that Plaintiff's complaint was mailed on December 12, 2010; thus, December 12, 2010 is the operative date for statute of limitations purposes. (Doc. # 45 at 11.)

claim.[4] (Doc. # 24 at 24.) However, the Magistrate Judge found that Plaintiff had stated an actionable Eighth Amendment claim regarding the deprivation of outdoor recreation and recommended that this claim be allowed to proceed. (Doc. # 45 at 15.) Although the Magistrate Judge recommended that this claim be dismissed insofar as it sought compensatory damages, the Magistrate Judge found that Plaintiff could recover nominal and/or punitive damages in addition to injunctive relief. (*Id.* at 20.)

On March 24, 2011, Plaintiff filed a motion for preliminary injunction, seeking "a transfer to a place where outdoor recreation and full-fledged exercise is possible." (Doc. # 21 at 1.) More specifically, he requested that he be transferred to the Colorado Mental Health Institution in Pueblo or to the San Carlos Correctional Facility so that he may have access to outdoor exercise and weight-lifting equipment. (*Id.* at 21.) Defendants responded to Plaintiff's motion for preliminary injunction on April 30, 2011. (Doc. # 34.) The Magistrate Judge recommended that Plaintiff's motion be granted "to the extent that an order be entered directing the defendants to provide the plaintiff with at least one hour of outdoor exercise each week." (Doc. # 45 at 24.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[4] Although the Magistrate Judge did not recommend dismissal of the Fourteenth Amendment equal protection claim in the conclusion section of his Recommendation, the Magistrate Judge stated in the body of the Recommendation that "it is recommended that the plaintiff's equal protection claim be dismissed." (Doc. # 45 at 18.)

An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 14 days after the magistrate judge issues his recommendation. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

The Court begins its analysis by first considering Plaintiff's objections to the portion of the Recommendation concerning Defendants' motion to dismiss. After that, the Court will consider Defendants' objections to the portion of the Recommendation concerning Plaintiff's motion for injunctive relief.

**A.    PLAINTIFF'S OBJECTIONS**

Although Plaintiff raises a plethora of issues in his objections, the only objection that merits discussion is Plaintiff's argument that the Magistrate Judge erred by dismissing his claim for lack of access to weight-lifting equipment.[5] To succeed on an

---

[5] Plaintiff argues that the Magistrate Judge erred by dismissing his claims against Defendants in their official capacities for injunctive relief. (Doc. # 46 at 2.) However, the Magistrate Judge only found that Plaintiff was barred from bringing claims against Defendants in their official

Eighth Amendment claim, a plaintiff must allege facts showing that: (1) the deprivation is sufficiently serious and (2) that prison officials acted with deliberate indifference to the plaintiff's health or safety.  *See Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006). The Court agrees with the Magistrate Judge that Plaintiff's lack of access to weightlifting equipment is not sufficiently serious to implicate the Eighth Amendment.  *See Brooks v. Medina*, No. 11-cv-01604, 2011 WL 4962187, at *4 (D. Colo. Oct. 17, 2011) (unpublished) (finding that a prisoner "has no constitutional right to . . . access to weightlifting equipment per se.").

## B.      DEFENDANTS' OBJECTIONS

Defendants object to the Recommendation on the grounds that Plaintiff did not make a sufficient showing that a preliminary injunction was warranted.  (Doc. # 47 at 1.) Although the Court shares the Magistrate Judge's concern that a lengthy deprivation of outdoor recreation may violate the Eighth Amendment, and that such deprivation may be injurious to a prisoner's mental health, the Court nevertheless agrees with Defendants that a preliminary injunction should not issue.   Thus, for the reasons stated below, the Court rejects the Magistrate Judge's recommendation insofar as he recommended that Plaintiff's Motion for Preliminary Injunction be granted in part.

---

capacity for **monetary damages**.  (Doc. # 45 at 10.)  Plaintiff also contends the Magistrate Judge erred in denying his claim for punitive damages.  (Doc. # 46 at 3.)  Again, Plaintiff has simply misread the Recommendation as the Magistrate Judge expressly stated that Plaintiff's claim, "to the extent it seeks punitive damages . . . survives the motion to dismiss."  (Doc. # 45 at 20.)  Lastly, Plaintiff argues that the Magistrate Judge erred by "erroneously determining that the statutes of limitations bars [his] suit."  (Doc. # 46 at 4.)  Once again, the Magistrate Judge did not find that Plaintiff's suit was time-barred.  Rather, the Magistrate Judge found that Plaintiff's deprivation of outdoor exercise claim was timely filed, albeit that any claims predicated on conduct occurring two years prior to December 12, 2010 would be time-barred.

1.     Standard for Preliminary Injunctive Relief

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citation omitted); *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989) ("Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established."). To obtain a preliminary injunction under Fed. R. Civ. P. 65, the moving party bears the burden of establishing that:

> (1) [he] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Schrier*, 427 F.3d at 1258.

Because the limited purpose of a preliminary injunction is to preserve the relative positions until a trial on the merits can be held, the Tenth Circuit has identified three types of disfavored injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Id.* at 1258-59. "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259. A party seeking such an injunction "must make

a strong showing with regard to the likelihood of success on the merits and with regard to the balance of the harms." *Id.* at 1261.

In this case, Plaintiff seeks a mandatory injunction that would require Defendants to provide him with outdoor recreation opportunities. Mandating that the CDOC provide Plaintiff with access to outdoor recreation would alter, rather than preserve, the status quo. For this reason, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

    2.    <u>Consideration of Preliminary Injunction Factors</u>

        *a)*    *Irreparable Harm*

The showing of irreparable harm in the absence of injunctive relief is the most important prerequisite for obtaining a preliminary injunction and should be established before consideration of the other preliminary injunction factors. *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1247 (D. Colo. 2007) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier*, 427 F.3d at 1267. Harm that is merely serious or substantial does not suffice. *Id.* Moreover, the moving party "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* Thus, to satisfy this factor Plaintiff must establish "both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).

8

In Plaintiff's motion for preliminary injunctive relief, he repeatedly alleges that the continuous, long-term deprivation of outdoor exercise has resulted in suicidal and other self-harming behaviors, and has caused him to go "violently insane." (Doc. # 21 at 1.) Plaintiff contends that outdoor exercise and access to weight-lifting equipment "would help reliev [*sic*] stress to slowly minimize the mental anguish – that would ultimately decrease the chances of suicide and other self harm." (*Id.* at 18.) On the basis of these allegations, the Magistrate Judge found that "[p]laintiff has adequately alleged irreparable harm that is not purely speculative, particularly given the lengthy continuous nature of the deprivation alleged." (Doc. # 45 at 6.) Although it is certainly possible (if not likely) that the denial of outdoor recreation would have negative effects on Plaintiff's psychological health,[6] Plaintiff's unsupported allegations are not sufficient to warrant such extraordinary relief as the Magistrate Judge saw fit to grant.

In *Parker v. Zavaras*, another court in this district considered a motion for preliminary injunction where the plaintiff claimed that his placement in ad seg without outdoor exercise caused a deterioration of his mental health.[7] (Doc. # 47-4, hereinafter "Recommendation of Magistrate Judge Mix"). After conducting a hearing, the court denied the plaintiff's motion, finding that the plaintiff had "provided no competent evidence, aside from his own self-serving and conclusory statements, that the lack of

---

[6] "There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).

[7] The Recommendation of Magistrate Judge Mix was subsequently adopted by the district court. (*See* Case No. 08-cv-00737, Doc. # 425.)

outdoor exercise negatively impacts his mental health." (*Id*. at 9.) Thus, the court found that the plaintiff had not met his burden of showing that he would suffer any irreparable injury if an injunction did not issue. (*Id*. at 10.) The same is true in the instant case.

Crucially, Plaintiff has failed to support the allegations in his Complaint and Motion for Preliminary Injunctive Relief with any independent evidence.[8] Other than his verified complaint, Plaintiff has provided no evidence demonstrating that he has been diagnosed with any mental health disorders, that such disorders are caused by the deprivation of outdoor recreation, or that the continued denial of outdoor recreation through the pendency of this case will cause him irreparable harm. Notably, Plaintiff has failed to submit any medical records or affidavits from medical personnel documenting his mental health conditions. Although corroborative evidence is not required as a matter of law, *see Vega*, 259 F. App'x at 106, Plaintiff is not qualified to opine as to the cause of and the treatment for his mental health conditions. *See Harris v. Bakeman*, No. 05-cv-01097, 2007 WL 1840905, at *2 n.2 (E.D. Cal. June 27, 2007) (unpublished) ("as a lay witness, plaintiff is not qualified to offer his opinion on his mental health condition or on the necessary treatment for his mental health needs.").

Given that a preliminary injunction is an "extraordinary remedy," and must be "closely scrutinized," the Court finds that Plaintiff's conclusory and uncorroborated

---

[8] Plaintiff has also included a portion of what appears to be an appellate brief challenging his conviction in state court. The excerpt of the brief is unsigned, undated, and contains citations to exhibits not before this Court. Although the brief is not competent evidence, the Court notes that in the "statement of facts" section, the brief states that Plaintiff "has suffered from emotional, behavioral, and mental dysfunctions" since early childhood. (Doc. # 21 at 25.) This undermines Plaintiff's assertion that his mental health conditions were caused by the deprivation of outdoor exercise.

allegations in his verified complaint are insufficient to satisfy his burden of showing that any injury he may suffer is "certain, great, actual and not theoretical." *Schrier*, 427 F.3d at 1267; *see also Vega*, 259 F. App'x at 259 (stating that courts are entitled to require evidence "particularly when an extraordinary remedy like a preliminary injunction is sought."). Because the Court finds that Plaintiff failed to meet his burden of showing irreparable harm, injunctive relief may be denied on this basis alone. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1266 n.8 (10th Cir. 2004). However, in the interest of thoroughness, the Court will discuss the remaining factors applicable to determining whether a preliminary injunction should issue.

        b)     *Balance of Harm and Public Interest*

Even if Plaintiff had met his burden of showing irreparable injury, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. In his motion for preliminary injunction, Plaintiff argues that the balance of hardships tilts in his favor because he could resort to suicidal or other self-harming behaviors if an injunction does not issue. (Doc. # 21 at 19.) In contrast, Plaintiff contends that Defendants will not be harmed because transferring him to another facility "would amount to nothing more than business as usual." (*Id.* at 20.) Plaintiff also asserts that an injunction would be in the public interest "because it is always in the public interest for prison officials to obey the law." (*Id.*)

It is well-established that prison management functions should generally be left to the discretion of prison administrators to enable them to manage prisons safely and effectively. *See Turner v. Safley*, 482 U.S. 78, 90 (1987). In *Turner*, the Supreme Court cautioned against judicial interference with the daily administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Id.* at 84-85. Although requiring Defendants to provide Plaintiff with one hour per week of outdoor exercise may not be especially onerous in this isolated case, the Court must also consider the broader impact on the CDOC of issuing a mandatory preliminary injunction. Significantly, the Court's interference with Defendants' day-to-day decisions regarding how to manage Plaintiff would undermine the discretion of CDOC officials and the autonomy of the state prison system. *See* Recommendation of Magistrate Judge Mix at 11 (citing *Taylor v. Freeman*, 34 F.3d 266, 269-70 (4th Cir. 1994)). This is particularly true in this case because any injunctive relief given would deviate from Defendants' methods of managing other inmates similarly situated to Plaintiff. *See id.* Although Plaintiff is correct that it is in the public interest for prison officials to obey the law, it has not yet been established that Defendants have violated Plaintiff's constitutional rights. Moreover, the public has an interest in seeing that state prisons are operated safely and efficiently, and prison officials are afforded broad discretion to accomplish that objective. Thus, the Court concludes that Defendants would suffer

significant harm if a preliminary injunction issues and that such an injunction would not be in the public interest. *See Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *17 (D. Colo. May 27, 2008) (noting that the public is adversely impacted by a federal court monitoring day-to-day prison condition matters).

c) *Substantial Likelihood of Success on the Merits*

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of the claim underlying his request for an injunction. *Schrier*, 427 F.3d at 1258. With respect to this factor, the Court agrees with the Magistrate Judge that Plaintiff has demonstrated a substantial likelihood of success on the merits. (Doc. # 45 at 15.)

In finding that Plaintiff had demonstrated a likelihood of success on the merits, the Magistrate Judge relied largely on *Parker v. Zavaras*. Although the court in *Parker* had denied the plaintiff's motion for a preliminary injunction, the court subsequently denied the defendants' motion for summary judgment, finding that "[v]iewed solely from a temporal perspective, a reasonable factfinder could determine that the denial of outdoor exercise for [two years and five months] is sufficiently serious and that the CDOC acted with deliberate indifference in denying any outdoor exercise for this amount of time." *See Parker v. Zavaras*, No. 08-cv-00737, 2011 WL 1211487, at *13 (D. Colo. Mar. 31, 2011) (unpublished). Another court in this district recently came to the same conclusion, denying a motion for summary judgment where the plaintiff alleged that he had been deprived of outdoor recreation for eleven years. *See Anderson v. State of Colo., Dep't of Corr.*, - - - F. Supp. 2d - - -, 2012 WL 991620, at *2-3 (D. Colo. Mar. 26, 2012) (denying motions for summary judgment on prisoner's

13

claim that he had been deprived of outdoor exercise for eleven years); *see also Fogle v. Pierson*, 435 F.3d at 1260 (10th Cir. 2006) (holding that the plaintiff had stated an Eighth Amendment claim where he alleged deprivation of outdoor recreation for three years).

As Defendants point out, *Parker* and *Fogle* (as well as *Anderson*) were decided in the context of dispositive motions, rather than on motion for preliminary injunction. Thus, those courts have simply permitted the cases before them to proceed by denying dispositive motions, rather than affirmatively finding that the plaintiffs had demonstrated a substantial likelihood of success on the merits. However, there is widespread agreement among courts that "some form of outdoor exercise is extremely important to the psychological and physical well being of inmates." *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987). In the instant case, Plaintiff has been deprived of outdoor recreation for a significantly longer period of time than the plaintiffs in *Parker* or *Fogle*. Because of this extremely lengthy deprivation of outdoor recreation, the Court agrees with the Magistrate Judge that Plaintiff has demonstrated a substantial likelihood of success on the merits.

## IV. CONCLUSION

Although the Court will not issue a mandatory preliminary injunction for the reasons given above, it does so with much reluctance because Plaintiff has demonstrated a substantial likelihood of success on the merits. Plaintiff's allegation that he has been deprived of outdoor recreation for seven to eight years raises a serious concern that his Eighth Amendment rights have been violated. Although the Court,

at this stage in the proceedings, is loath to interfere with the CDOC's discretionary management of its prison system, such discretion must yield to the Court's duty to protect Plaintiff's constitutional rights.  Thus, the Court directs the Magistrate Judge to set the case on an expedited schedule so that this case may be decided by a factfinder on a full evidentiary record as quickly as possible.[9]

For the reasons given above, the Court REJECTS the Magistrate Judge's Recommendation (Doc. # 45) insofar as it recommended partially granting Plaintiff's Motion for Preliminary Injunction.  The Court AFFIRMS the Magistrate Judge's Recommendation in all other respects.

Accordingly, it is ORDERED that:

(1)     Plaintiff's Motion to Challenge the Constitutionality of the P.L.R.A.'s Exaustion [sic] Ruel 7 Certificate of Intervention of U.S. (Doc. # 41) be DENIED;

(2)     Plaintiff's Motion for Preliminary Injunctive Relief (Doc. # 21) be DENIED; and

(3)     Defendants' Motion to Dismiss (Doc. # 24) be GRANTED IN PART and DENIED IN PART.  More specifically, it is ORDERED that the following claims be DISMISSED WITH PREJUDICE: (a) any claim for damages against Defendants in their official capacities, (b) any claims concerning actions alleged to have occurred before December 12,

---

[9] Although neither party has filed a motion for summary judgment, the Court expects that significant factual disputes would preclude disposition on motion for summary judgment.

2008, (c) Claim Two concerning denial of "full-fledged" exercise, (d) Plaintiff's claim for compensatory damages, and (e) Plaintiff's equal protection claim.

DATED:  March __28__, 2012

                                        BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Court Judge