IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-03052-CMA-MJW

JACOB DANIEL OAKLEY,

Plaintiff(s),

v.

ARISTREDEZ ZARARAS, executive director, and
SUSAN JONES, Warden CCF/CSP,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Pro Se Incarcerated Plaintiff's Motion for Court Ordered Mental Examination F.R.C.P. [sic] and F.R.E. [sic] 706, Other Related Statutes (docket no. 62) is DENIED.

The Pro Se Incarcerated Plaintiff seeks an Order from this court for a Rule 35 Examination of himself at the expense of either the Court and/or Defendants. This is a Prisoner Civil Rights Case pursuant to 42 U.S.C. § 1983.  I find that the Pro Se Incarcerated Plaintiff has failed to provide adequate justification to meet his burden under the "good cause" requirement under Schlagenhauf v. Holder, 379 U.S. 104, 85 S. Ct. 234, 13 L.Ed.2d 152 (1964) (describing "good cause" as a determination that must be made on a case-by-case basis).  Moreover, the Pro Se Incarcerated Plaintiff has failed to make any showing that there are no other means to obtain evidence about his mental condition.  The Pro Se Incarcerated Plaintiff has cited in his pleadings that he has previously undergone extensive mental health evaluations, and through discovery the Pro Se Incarcerated Plaintiff can obtain such records of his previous mental health evaluations.  Further, nothing prevents the Pro Se Incarcerated Plaintiff from testifying at trial about his mental health and medical status.  Lastly, the above findings are consistent with the holdings in Green v. Branson, 108 F.3d 1296 (10th Cir. 1997), Hanna v. Chudy, 2011 WL 2039421, *1 (N.D. Cal. May 25, 2011), and Paiva v. Bansal, 2011 WL 1595425, *1 (D.R.I. April 27, 2011).

Date: May 21, 2012