IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03052-CMA-MJW

JACOB DANIEL OAKLEY,

Plaintiff(s),

v.

TOM CLEMENTS, in his official capacity as the Executive Director of the Colorado Department of Corrections, and
TRAVIS TRANI, in his official capacity as the Warden of the Colorado State Penitentiary and the Centennial Correctional Facility,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 97) is granted. The tendered Second Amended Complaint (Docket No. 97-1) is accepted for filing as of the date of this Minute Order.

This motion is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the

>schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). Substantially for the reasons stated in the motion (Docket No. 97) and reply (Docket No. 106), this court finds that the plaintiff has satisfied this first step in the analysis and has established good cause to extend the deadline within which he may seek leave to amend the complaint. See James v. Fenske, 2012 WL 592855, at *3 (D. Colo. Feb. 23, 2012) (noting that the court has previously determined that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline.").

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

>Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, and substantially for the reasons stated in the motion (Docket No. 97) and reply (Docket No. 106), this court finds that the proposed amendments should be permitted. The court finds that the plaintiff has established that there has been no undue delay and that defendants will not be unduly prejudiced by the amendments. The court notes that discovery has not closed and, in fact, has been stayed. (See Docket No. 101). Thus, any prejudice that might arise from these amendments is capable of being cured. In addition, no trial date has been set in this matter. As to defendants' futility argument, upon review of the arguments presented, this court finds that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." Adams v. Fedex ground Package System, Inc., 2013 WL 61448, at *1 (D. Colo. Jan. 4, 2013) (quoting General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008)).

It is further ORDERED that a Status Conference shall be held on February 12, 2013, at 9:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294.

Date: January 29, 2013