IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03052-CMA-MJW

JACOB DANIEL OAKLEY,

Plaintiff(s),

v.

RICK RAEMISCH, in his official capacity as the Executive Director of the Colorado Department of Corrections, and
TRAVIS TRANI, in his official capacity as the Warden of the Colorado State Penitentiary and the Centennial Correctional Facility,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiff's Motion to Strike Declaration of Kellie Wasko (docket no. 170) is **GRANTED** for the following reasons. Kellie Wasko's Declaration (docket no. 167-2) attached to Defendants' Response (docket no. 167) to Plaintiff's Motion for Summary Judgment (docket no. 159) is **STRICKEN**.

I find that Defendants have violated Fed. R. Civ. P. 37(c) by attempting to use Kellie Wasko's Declaration (docket no. 167-2) as both a sword and a shield, when such information outlined below was not disclosed during discovery even though it was requested by Plaintiff during discovery. It is improper to use a "privilege" as both a sword and a shield. <u>Sedillos v. Board of Educ. of Sch. Dist. No. 1</u>, 313 F. Supp.2d 1091, 1094 (D. Colo. 2004). Defendants' continuing assertion of the "deliberative process privilege" means that they may not use the information they contend is privileged [i.e., Ms. Wasko's Declaration (docket no. 167-2)] until they are willing to produce evidence of the information to Plaintiff in discovery. Fed. R. Civ. P. 37(c)(1). In particular, there are three areas of Kellie Wasko's Declaration which are unsupported by any disclosure to the Plaintiff during the discovery phase of this case. First, Ms. Wasko's statements regarding new categories of inmate housing available under the anticipated regulations and steps the Colorado Department of Corrections (CDC) anticipates taking to offer outdoor exercise (see Wasko Decl. ¶¶ 2-21); (2) Ms. Wasko's statements regarding a funding request relating to outdoor exercise, ostensibly made during the week of May 12, 2014 (see Wasko Decl. ¶ 22); and (3) Ms. Wasko's reference to "an alternative plan to provide outdoor exercise to the offenders at CSP" in which certain inmates will be provided the opportunity to exercise outdoors five hours

2

per week (see Wasko's Decl. ¶¶ 23-34). Here, the newly-disclosed regulations by Defendants do not cure the prejudice to Plaintiff since Plaintiff's Motion for Summary Judgment (docket no.159) was filed with the court on March 27, 2014, the Defendants Response (docket no. 167) was filed with the court on May 12, 2014, and Plaintiff's Reply (docket no. 177) was filed with the court on May 29, 2014. Plaintiff's Motion for Summary Judgment (docket no. 159) has been ripe for ruling before District Judge Arguello since May 29, 2014.

I further find that a Trial Preparation Conference is set on November 24, 2014, at 9:00 a.m., and Bench Trial is set on December 1, 2014, at 8:30 a.m. before District Judge Arguello. In addition, I find to re-open discovery at this late date and require Plaintiff to have to re-file his reply brief in support of his motion for summary (docket no. 159) is prejudicial to Plaintiff. Plaintiff's counsel would have to spend additional attorney time preparing and drafting a new reply brief, and there would be additional expenses incurred by Plaintiff. Lastly, I do not find that Defendants' untimely disclosure of the information outlined in Ms. Wasko's Declaration (docket no. 167-2) was substantially justified in light of the fact that Defendants clearly intended to use Ms. Wasko's Declaration (docket no. 167-2) in opposition to Plaintiff's Motion for Summary (docket no. 159) nor was such conduct by Defendants harmless. For these reasons, the subject motion (docket no. 170) should be granted.

Date: August 12, 2014