IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-03052-CMA-MJW

JACOB DANIEL OAKLEY,

      Plaintiff,

v.

RICK RAEMISCH, in his official capacity as the Executive Director of
   the Colorado Department of Corrections, and
TRAVIS TRANI, in his official capacity as the Warden of the Colorado
   State Penitentiary and the Centennial Correctional Facility,

      Defendants.

---

## AMENDED ORDER OVERRULING DEFENDANTS' OBJECTION / APPEAL OF DECISION OF MAGISTRATE JUDGE

---

This order is an AMENDMENT of this Court's previous Order dated October 23,

2014 (Doc. # 192), to correct the listing of the Defendants in this case.

This matter is before the Court on Defendants' Objection to Magistrate Judge

Michael J. Watanabe's Order ("Defendants' Objection," Doc. # 186), which granted

Plaintiff's Motion to Strike Kellie Wasko's Declaration (Doc. # 170).

In considering objections to non-dispositive rulings by a Magistrate Judge, the

Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are

"clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A);

*Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West*

*Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Thus, objections will

be overruled unless the Court finds that the Magistrate Judge abused his or her

discretion or, if after viewing the record as a whole, the Court is left with a "definite

and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133 (citing

*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

On August 12, 2014, Magistrate Judge Watanabe entered an Order which struck

Kellie Wasko's Declaration (Doc. # 167-2), which was attached to Defendants'

Response (Doc. # 167) to Plaintiff's Motion for Summary Judgment (Doc. # 159).  Judge

Watanabe reasoned that Defendants improperly used a "privilege" as both a sword and

a shield and relied on evidence that was unsupported by any disclosure to Plaintiff

during the discovery phase of this case.  Specifically, the undisclosed information

related to (1) Ms. Wasko's statements regarding new categories of inmate housing

available under the anticipated regulations and steps the Colorado Department of

Corrections (CDOC) anticipates taking to offer outdoor exercise; (2) Ms. Wasko's

statements regarding a funding request relating to outdoor exercise, ostensibly made

during the week of May 12, 2014; and (3) Ms. Wasko's reference to "an alternative plan

to provide outdoor exercise to the offenders at CSP" in which certain inmates will be

provided the opportunity to exercise outdoors five hours per week.  (Doc. # 185.)

Having reviewed the relevant parts of the record, the Court finds that the

Magistrate Judge's basis for denying the Motion is not clearly erroneous or contrary to

law.  Accordingly, the Court concludes that Defendants have failed to show that the

Magistrate Judge's ruling was clearly erroneous or contrary to law.  Therefore, it is

ORDERED that Defendants' Objection (Doc. # 186) is OVERRULED.

This Order in no way affects the admissibility of this evidence at trial.  As

Magistrate Judge Watanabe's Order states, "Defendants' continuing assertion of the

'deliberative process privilege' means that they may not use the information they

contend is privileged [*i.e.*, Ms. Wasko's Declaration (docket no. 167-2)] **until they are**

**willing to produce evidence of the information to Plaintiff in discovery**.  Fed. R.

Civ. P. 37(c)(1)."  (Doc. # 185 at 1) (emphasis added).  Defendants make various

assertions that they have now disclosed this information.  *See* (Doc. # 185).  Thus, it is

FURTHER ORDERED that **on or before 5:00 PM on Friday, November 7,**

**2014**, the parties shall provide a joint report regarding whether such information has

now been disclosed.

DATED:  October __23__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge